**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

JUAN CARLOS ROSADO,          :
                                               Civil Action No. 10-6306 (JBS)
        Petitioner,   :

        v.                :    **OPINION**

WARDEN DONNA ZICKEFOOSE,      :

        Respondent.   :

**APPEARANCES:**

Paul S. Brenner, Esq.  
401 Broadway  
Suite 306  
New York, NY  10013  
   Counsel for Petitioner

Mark Christopher Orlowski  
Assistant U.S. Attorney  
402 East State Street, Room 430  
Trenton, NJ  08608  
   Counsel for Respondent

**SIMANDLE**, District Judge:

    Petitioner Juan Carlos Rosado, a prisoner currently confined at the Federal Correctional Institution at Fort Dix, New Jersey, has submitted, through counsel, a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241,[1] challenging a decision that

---

[1] Section 2241 provides in relevant part:

(a) Writs of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions.
(c) The writ of habeas corpus shall not extend to a prisoner unless-- ... (3) He is in custody in violation of the Constitution or laws or treaties of the United States ... .

he is not eligible for reduction of his sentence upon completion of the Federal Bureau of Prisons Residential Drug Abuse Treatment Program.

This matter is presently before the Court pursuant to Respondent's filing of a Motion [9] to Dismiss for failure to exhaust administrative remedies.  Petitioner has responded and this matter is now ready for decision.

## I.   BACKGROUND

On January 13, 2010, Petitioner was sentenced in the United States District Court for the Southern District of New York to a 36-month term of imprisonment.  See United States v. Rosado, Criminal No. 09-0105 (S.D.N.Y.).  The sentence also contained a recommendation that Petitioner participate in a drug abuse treatment program while incarcerated.  Petitioner's present projected release date is September 19, 2012.

Petitioner has participated in the Bureau of Prisons Residential Drug Abuse Treatment Program, which includes as an incentive eligibility for early release for certain prisoners, subject to the discretion of the Director of the Bureau of Prisons.[2]  During Petitioner's participation in the RDAP, he was

---

[2] The incentive provision reads:

> The period a prisoner convicted of a nonviolent offense remains in custody after successfully completing a treatment program may be reduced by the Bureau of Prisons, but such reduction may not be more than one year from the term the prisoner must otherwise serve.

advised by a local-level official that he would not be eligible for early release, due to a prior Youthful Offender adjudication in the state of New York for assault with intent to cause serious physical injury.

Petitioner did not pursue any administrative remedies to challenge this decision.  Instead, Petitioner filed this Petition for writ of habeas corpus, challenging the local-level determination that he was not eligible for early release.  After this action was filed, and while Petitioner was still participating in the RDAP, Petitioner's counsel sent a letter to the Bureau of Prisons Grand Prairie Office Complex in Texas, asking for a reconsideration of the decision.  In response, an attorney with the Department of Justice advised Petitioner's counsel that the issue had been reviewed and that no change had been made in the decision.  In addition, Petitioner's counsel was advised that if Petitioner wished to appeal the determination, "the proper course of action is to file an administrative remedy in accordance with 28 C.F.R. § 542.10 et. seq."  (Motion to Dismiss, Decl. of Tara Moran, Ex. 4, Letter of Christina Saetta Clark.)  Again, Petitioner did not pursue any administrative

---

18 U.S.C. § 3621(e)(2)(B)).

By regulation, as an exercise of the Director's discretion, certain categories of inmates are ineligible for early release, including inmates who have a prior conviction for aggravated assault.  <u>See</u> 28 C.F.R. § 550.55.

appeals of the local-level determination that he was not eligible for early release.

The record presented to this Court does not reflect whether, or when, Petitioner completed the RDAP.

## II.  ANALYSIS

Respondent has moved to dismiss the Petition because Petitioner has failed to exhaust his administrative remedies.  In response, Petitioner asserts that it is not necessary to exhaust his administrative remedies because the issue presented is a legal, not a factual, issue.

Although 28 U.S.C. § 2241 contains no statutory exhaustion requirement, a federal prisoner ordinarily may not bring a petition for writ of habeas corpus under 28 U.S.C. § 2241, challenging the execution of his sentence, until he has exhausted all available administrative remedies.  See, e.g., Callwood v. Enos, 230 F.3d 627, 634 (3d Cir. 2000); Arias v. United States Parole Comm'n, 648 F.2d 196, 199 (3d Cir. 1981); Soyka v. Alldredge, 481 F.2d 303, 306 (3d Cir. 1973).  The exhaustion doctrine promotes a number of goals:

> (1) allowing the appropriate agency to develop a factual record and apply its expertise facilitates judicial review; (2) permitting agencies to grant the relief requested conserves judicial resources; and (3) providing agencies the opportunity to correct their own errors fosters administrative autonomy.

Goldberg v. Beeler, 82 F.Supp.2d 302, 309 (D.N.J. 1999), aff'd, 248 F.3d 1130 (3d Cir. 2000).  See also Moscato v. Federal Bureau

of Prisons, 98 F.3d 757, 761 (3d Cir. 1996).  Nevertheless, exhaustion of administrative remedies is not required where exhaustion would not promote these goals.  See, e.g., Gambino v. Morris, 134 F.3d 156, 171 (3d Cir. 1998) (exhaustion not required where petitioner demonstrates futility); Lyons v. U.S. Marshals, 840 F.2d 202, 205 (3d Cir. 1988) (exhaustion may be excused where it "would be futile, if the actions of the agency clearly and unambiguously violate statutory or constitutional rights, or if the administrative procedure is clearly shown to be inadequate to prevent irreparable harm"); Carling v. Peters, 2000 WL 1022959, *2 (E.D. Pa. 2000) (exhaustion not required where delay would subject petitioner to "irreparable injury").

In general, the BOP Administrative Remedy Program is a multi-tier process that is available to inmates confined in institutions operated by the BOP for "review of an issue which relates to any aspect of their confinement."[3]  28 C.F.R. § 542.10.  An inmate must initially attempt to informally resolve the issue with institutional staff.  28 C.F.R. § 542.13(a).  If informal resolution fails or is waived, an inmate may submit a BP-9 Request to "the institution staff member designated to

---

[3] "This rule does not require the inmate to file under the Administrative Remedy Program before filing under statutorily-mandated procedures for tort claims (see 28 CFR 543, subpart C), Inmate Accident Compensation claims(28 CFR 301), and Freedom of Information Act or Privacy Act requests (28 CFR 513, subpart D),[ or other statutorily-mandated administrative procedures]." 67 F.R. 50804-01, 2002 WL 1789480 (August 6, 2002).

5

receive such Requests (ordinarily a correctional counsel)" within 20 days of the date on which the basis for the Request occurred, or within any extension permitted.  28 C.F.R. § 542.14.  An inmate who is dissatisfied with the Warden's response to his BP-9 Request may submit a BP-10 Appeal to the Regional Director of the BOP within 20 days of the date the Warden signed the response.  28 C.F.R. § 542.15(a).  The inmate may appeal to the BOP's General Counsel on a BP-11 form within 30 days of the day the Regional Director signed the response.[4]  Id.  Appeal to the General Counsel is the final administrative appeal.  Id.  If responses are not received by the inmate within the time allotted for reply, "the inmate may consider the absence of a response to be a denial at that level."  28 C.F.R. § 542.18.

Contrary to Petitioner's argument, there is no blanket exception to the exhaustion requirement for "legal" issues.  To the extent the lowest level official has made an erroneous "legal" determination, review by higher level officials, including the general counsel of the Bureau of Prisons, would permit the agency to apply its expertise to the issue presented and to correct any such error.  Similarly, exhaustion of administrative remedies would permit development of a full administrative factual and legal record as to all reasons why

---

[4] Response times for each level of review are set forth in 28 C.F.R. § 542.18.

Petitioner might be eligible or ineligible for early release. Awaiting creation of a complete administrative record would conserve judicial resources.  Here, certainly, exhaustion of administrative remedies would promote the goals of the exhaustion requirement.

### III.   CONCLUSION

For the reasons set forth above, the Motion to Dismiss will be granted and the Petition will be dismissed without prejudice for failure to exhaust administrative remedies.  An appropriate order follows.

                                             **s/ Jerome B. Simandle**
                                             Jerome B. Simandle
                                             United States District Judge

Dated:  **December 12, 2011**